IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ISAAC D. BROWN, | ) | CASE NO. 8:08CV46 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DENNIS BAKEWELL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Isaac D. Brown's ("Brown") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed a Brief on the merits of the Petition (Filing No. 16), State Court Records (Filing Nos. 11 and 17), and Reply Brief (Filing No. 22). Petitioner filed a Brief on the merits of the Petition. (Filing No. 20.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of the Petition, Brown states that he is entitled to a writ of habeas corpus because:

| | |
|---|---|
| Claim One: | Brown's conviction was obtained by violation of the protection against double jeopardy *because* the four charges for "use of a deadly weapon" related to a single offense ("Claim One"). |
| Claim Two: | Brown's conviction was obtained as a result of ineffective assistance of counsel *because* his trial counsel did not object to the amended charges on "double jeopardy" grounds ("Claim Two-Part I"), or challenge the State's ballistics expert ("Claim Two-Part II"). |
| Claim Three: | Brown's conviction was obtained as a result of ineffective assistance of counsel *because* his appellate counsel (who was the same individual as his trial counsel) did not call witnesses to testify in Brown's defense, or argue on appeal that the court abused its discretion by permitting amendment of the charges ("Claim Three"). |

(Filing No. 1 at CM/ECF pp. 6-7 (together, the "Habeas Claims")).

## I. BACKGROUND

### A. Brown's Conviction and Direct Appeal

After a jury trial on February 26, 2003, Brown was found guilty of two counts of Making Terroristic Threats, four counts of Use of a Deadly Weapon to Commit a Felony, two counts of False Imprisonment, and one count of Possession of a Deadly Weapon by a Felon. (Filing No. 11-7, Attach. 6, at CM/ECF p. 63.) Petitioner was thereafter sentenced to serve consecutive terms, for a total of 39 to 52 years on all charges. (*Id.* at CM/ECF pp. 64-66.) On direct appeal, Petitioner raised three issues – that the trial court abused its discretion in failing to grant a mistrial, that the trial court erred in admitting a letter written by Brown into evidence, and that Brown's sentence was excessive. (Filing No. 11-5, Attach. 4, at CM/ECF p. 3.) None of the Habeas Claims was presented on direct appeal. (Filing No. 11-5, Attach. 4, at CM/ECF pp. 1-7.) The Nebraska Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion on April 20, 2004. (*Id.* at CM/ECF pp. 1-7.) Brown submitted a petition for further review to the Nebraska Supreme Court, but that petition was denied on June 16, 2004. (Filing No. 11-6, Attach. 5, at CM/ECF p. 2.)

### B. Brown's Post Conviction Motion and Appeal

On February 4, 2005, Brown filed a pro se Verified Motion for Postconviction Relief ("Post Conviction Motion") in the District Court of Douglas County, Nebraska. (Filing No. 11-15, Attach. 14, at CM/ECF pp. 1-32.) In his Post Conviction Motion, Brown generally asserted all of his Habeas Claims. (*Id.*) On September 14, 2005, the District Court of Douglas County, Nebraska, denied Brown's Post Conviction Motion without an evidentiary

2

hearing. (*Id.* at CM/ECF pp. 35-38.) With regard to the double jeopardy claims contained in Claims One through Three, the Douglas County, Nebraska, District Judge denied post-conviction relief, stating:

> There is nothing in the records or files that show that defendant's trial or conviction would have been different had the [charges] not been amended or that trial counsel acted unreasonably in relation to the amended [charges]. The Court finds that defendant's constitutional rights regarding double jeopardy were not impaired or infringed upon by the amendment.

(*Id.* at CM/ECF p. 36-37.)

Regarding Claim Two-Part II and the claims regarding witnesses in Claim Three, the Douglas County, Nebraska, District Judge also denied relief, stating:

> The defendant has not provided any facts which would support a finding that his trial would have had a different result had a ballistic's [sic] expert been hired by his trial counsel given the volume of other evidence adduced at trial. The purpose of a postconviction relief motion is not to second-guess the strategic decisions made by counsel. . . . With respect to [calling witnesses], . . . [t]he defendant has failed to meet his burden that the outcome of the trial would have been different but for his counsel's actions.

(*Id.* at CM/ECF pp. 37-38.)

Brown appealed the post conviction ruling with the assistance of appointed counsel. (*Id.* at CM/ECF p. 51.) On appeal, Brown assigned three errors, encompassing all of Claim Two and part of Claim Three, but not Claim One. (Filing No. 11-10, Attach. 9, at CM/ECF pp. 2-3.) Summarized, Brown argued that his trial counsel was ineffective for failing to object to the amended charges on double jeopardy grounds, because he failed to secure an independent ballistics expert, and because he failed to call two witnesses at trial. (*Id.*) Brown did not assign or argue Claim One or the remainder of Claim Three on appeal. The Nebraska Court of Appeals summarily affirmed the Douglas County, Nebraska, District

Court's decision without issuing an opinion. (Filing No. 11-12, Attach. 11, at CM/ECF p. 1.) Supporting its summary affirmance, the Nebraska Court of Appeals stated:

> Motion of appellee for summary affirmance sustained. . . . Appellant's assignment of error concerning ineffective assistance of trial counsel is without merit. *See State v. Iromuanya*, 272 Neb. 178, 719 N.W.2d 263 (2006) (law clearly authorizes cumulative punishments for underlying felonies and use of a weapon in the commission of each underlying felony); *State v. Caddy, supra* (defendant must allege facts which constitute denial or violation of Constitutional rights); *State v. McGurk*, 3 Neb. App. 778, 532 N.W.2d 354 (1995) (claim of prejudice will not succeed where claim is merely speculative).

(*Id.,* italics added.)

Brown filed a timely petition for further review with the Nebraska Supreme Court. (Filing No. 11-13, Attach. 12, at CM/ECF pp. 1-9.) In his petition for further review, Brown argued only Claim Two-Part I, that his counsel was ineffective for failing to object to the amended charges on double jeopardy grounds. (*Id.*) Thus, the remaining claims were never presented to the Nebraska Supreme Court. The petition for further review was overruled on August 29, 2007, without an opinion. (Filing No. 11-14, Attach. 13, at CM/ECF p. 3.) Petitioner then filed this action on January 31, 2008. (Filing No. 1.)

## II. ANALYSIS

### A. Claims One, Two-Part II, and Three

#### 1. Exhaustion/Procedural Default

Respondent argues that Claims One and Three are procedurally defaulted and therefore "cannot form the basis of habeas corpus relief." (Filing No. 16 at CM/ECF p. 7.) The court agrees. The court further finds that Claim Two-Part II is procedurally defaulted.

As set forth in 28 U.S.C. § 2254(b)(1):

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See *Akins v. Kenney,* 410 F.3d 451, 454-55 (8th Cir. 2005).

If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins,* 410

5

F.3d at 456 n. 1. Under Nebraska state law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

Here, Petitioner did not invoke "one complete round" of the Nebraska appellate review process on Claims One, Two-Part II, and Three. Brown did not present these three Claims in his direct appeal. (Filing No. 11-5, Attach. 4, at CM/ECF p. 3.) Although Brown presented all three Claims in his Post Conviction Motion, he did not present Claim One and part of Claim Three in his post-conviction appeal. (Filing No. 11-10, Attach. 9, at CM/ECF pp. 2-3.) Brown did present both Parts of Claim Two in his post-conviction appeal. (*Id.*) However, in his petition for further review, Brown abandoned all but one claim, and presented only Claim Two-Part I.[1] (Filing No. 11-13, Attach. 12, at CM/ECF pp. 1-9.) Thus, Claim Two-Part I is the only claim for which Brown invoked "one complete round" of the appellate review process. Brown has not exhausted Claims One, Claim Two-Part II, and Claim Three in the state court. Further, Brown is now barred from doing so because he cannot submit a second motion for post conviction relief where, as here, the basis for

---

[1] Although Claim One is discussed in the petition for further review, it is discussed only in the context of an ineffective assistance of counsel claim and not as a stand-alone claim.

6

relief was clearly available at the time of his first Post Conviction Motion. *See Ortiz*, 670 N.W.2d at 792. Therefore, all claims except Claim Two-Part I are procedurally defaulted.

### 2. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999). Additionally, the Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim. *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005).

Brown does not argue cause and prejudice which would excuse his procedural default. Brown instead appears to argue that he raised these claims, but that the state courts ignored them. (Filing No. 20 at CM/ECF pp. 3-6.)[2] Brown is incorrect. The court has carefully analyzed all of the pleadings and it is clear that Brown failed to raise all but Claim Two-Part I in his petition for further review to the Nebraska Supreme Court. Brown has not submitted any argument or evidence which shows that he, or his counsel, were

---

[2]Brown also argues that his obligation to present his claims to the state courts is "deemed satisfied if the state court(s) ha[ve] not addressed the claim in a written opinion." (Filing No. 20 at CM/ECF p. 4.) The court has found no support for this argument and therefore rejects it.

objectively impeded from filing a petition for further review on all of his Habeas Claims.[3] Because Brown has not demonstrated cause and prejudice to excuse his procedural default, Claim One, Claim Two-Part II, and Claim Three are dismissed.

### B. Claim Two-Part I

#### 1. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. See 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches

---

[3]Brown does not argue that he is entitled to relief based on a "fundamental miscarriage of justice" or because he is actually innocent. Regardless, the court has independently reviewed the record in this matter and finds that the record does not support such claims.

8

a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper,* 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers,* 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

        2.      Analysis

For his Claim Two-Part I, Brown argues that his trial counsel was ineffective for failing to object to, or attempting to quash, the amended charges on double jeopardy grounds. A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington,* 466 U.S. 668, 694 (1984). In particular, *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States,* 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones,* 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland,* 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's

9

conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Citing Nebraska state cases adopting *Strickland*, the Douglas County, Nebraska, District Court applied the *Strickland* standard to Petitioner's Claim Two-Part I and denied relief on that Claim. (Filing No. 11-15, Attach. 14, at CM/ECF pp. 37-38.) As set forth above, the District Court determined that Brown's trial counsel was not ineffective, basing its decision on that fact that "[t]here is nothing in the records or files that shows that defendant's trial or conviction would have been different had the [charges] not been amended or that trial counsel acted unreasonably in relation to the amended [charges]. The Court finds that defendant's constitutional rights regarding double jeopardy were not impaired or infringed upon by the amendment." (*Id.*) Therefore, the District Court found that Brown's trial counsel was not ineffective and that "there is no merit to defendant's claim." (*Id.* at CM/ECF p. 36.) The Nebraska Court of Appeals summarily affirmed this decision, noting that Brown's "assignment of error concerning ineffective assistance of trial

counsel is without merit. *See State v. Iromuanya*, 272 Neb. 178, 719 N.W.2d 263 (2006) (law clearly authorizes cumulative punishments for underlying felonies and use of a weapon in the commission of each underlying felony)." (Filing No. 11-12, Attach. 11, at CM/ECF p. 1.)

As set forth above, the court must grant substantial deference to the Nebraska state court decisions. The court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Brown has not submitted any evidence, let alone clear and convincing evidence, that the Douglas County, Nebraska, District Court or the Nebraska Court of Appeals was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted here because the Nebraska state courts correctly applied *Strickland* and other Supreme Court holdings. In light of these findings, all of Petitioner's Claims are dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 26th day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge