IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ISAAC D. BROWN, | ) | CASE NO. 8:08CV46 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DENNIS BAKEWELL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on remand from the Eighth Circuit. (Filing No. 30.) On November 25, 2008, the court dismissed Petitioner's habeas corpus claims with prejudice and entered judgment against him. (Filing Nos. 23 and 24.) On December 16, 2008, Petitioner filed a timely Notice of Appeal of the court's Judgment. (Filing No. 25.) Petitioner has been granted leave to proceed in forma pauperis on appeal. (Filing No. 28.)

However, before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
> > ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

Petitioner has not filed a motion for a certificate of appealability or a brief in support. (*See* Docket Sheet.) As the Eighth Circuit has noted, this matter cannot proceed on appeal until the question of the certificate of appealability is considered.

IT IS THEREFORE ORDERED that:

1. Petitioner shall have until February 23, 2009, to file a motion for certificate of appealability and brief in support; and

2. In the event that Petitioner fails to file a motion and brief as set forth in this Memorandum and Order, the court will deny the issuance of a certificate of appealability without further notice.

DATED this 20th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge